MEMORANDUM **
Jaime Medina and Amador L. Corona appeal the district court’s orders denying plaintiffs’ ex parte application for a ninety-day continuance, motions to compel discovery under Central District of California Local Rule 37, and motion for class certification. Plaintiffs also appeal the district court’s order granting summary judgment to defendants County of Riverside, et al, on all claims. We review the district court’s orders denying the continuance, the motions to compel under Local Rule 37, and the class certification motion for an abuse of discretion. United States v. Daly, 716 F.2d 1499, 1511 (9th Cir.1983); Epstein v. MCA, Inc., 54 F.3d 1422, 1423 (9th Cir.1995) (per curiam); Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1233-34 (9th Cir.1996). We review the grant of summary judgment de novo. Buono v. Norton, 371 F.3d 543, 545 (9th Cir.2004). We affirm.
I.
Plaintiffs argue that their ex parte application for a ninety day continuance of the deadline to file their motion for class certification was arbitrarily and improperly denied by the district court, and the denial damaged plaintiffs’ discovery. In analyzing whether an abuse of discretion occurred, we consider plaintiffs’ diligence in preparing their case prior to the set hearing date and the amount plaintiffs were harmed by the denial. United States v. Flynt, 756 F.2d 1352, 1359 (9th Cir. 1985). While plaintiffs claim they “diligently propounded discovery” and were forced to request the continuance due to defendants’ actions, the record does not support plaintiffs’ position. Plaintiffs have never fully explained why they were unable to complete discovery in the nine months following the filing of the complaint. Further, the district court never promised plaintiffs that they would definitely receive a second continuance. It was not an abuse of discretion to deny the continuance.
II.
Plaintiffs allege that Magistrate Judge Eick erred in denying plaintiffs’ four motions to compel discovery for failure to comply with Local Rule 37. The district court granted summary judgment before ruling on these four motions. Therefore, this issue is moot.
III.
Plaintiffs allege that the district court acted improperly by denying plaintiffs’ motion for class certification since it failed to conduct a “rigorous analysis” of whether the proffered class satisfied the requirements of Federal Rule of Civil Procedure 23. The district court made a rigorous analysis of this issue by offering numerous reasons why the plaintiffs’ proposed class was overbroad, including that the class includes all inmates and attor *120 neys connected to Riverside County Jail. See Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 160-61, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). The district court also found that common questions do not predominate since any case on wiretapping involving the jail would require intense individual examinations to determine if a specific plaintiff had been inappropriately wiretapped. While some factual or legal differences between class members are acceptable, they cannot be as overwhelming as they are in the instant case. See Califano v. Yamasaki, 442 U.S. 682, 701, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). There was no abuse of discretion.
IV.
Plaintiffs allege that the district court erred in granting summary judgment to the defense on plaintiffs’ claims under the Federal Wiretap Act, 18 U.S.C. §§ 2510-2522, and 42 U.S.C. § 1983. Specifically, plaintiffs claim they never gave prior consent to being wiretapped. We have held that consent need not be explicit but may be implied from the surrounding circumstances. United States v. Van Poyck, 77 F.3d 285, 291 (9th Cir.1996). Numerous warnings, including audio recordings and signs, existed to alert plaintiffs of the risk of wiretapping in the jail. Further, plaintiffs Medina and Corona both admit that they heard the warnings as early as 2003. Therefore, Medina and Corona had actual knowledge of the recording, yet continued their attorney-client conversations. This actual knowledge provides consent to recording, which vitiates plaintiffs’ claims under the Act and under the Fourth Amendment. Id. at 291-92.
Plaintiffs also contend that the monitoring impedes their right to private attorney-client communications, which are protected by the attorney-client privilege. The claim is defective in that there is no allegation of prejudice. United States v. Irwin, 612 F.2d 1182, 1186-87 (9th Cir. 1980). It was not error to grant summary judgment under 42 U.S.C. § 1983.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.